IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONNA MCINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>PUERTO RICO PORTS AUTHORITY, ET AL.,<br><br>Defendant. | CIV. NO.: 12-1943 (SCC) |

**OPINION AND ORDER**

Third-party defendant Manuel Goicoechea moved for dismissal of the claims asserted against him by plaintiff on the grounds that they are barred by the applicable statute of limitations. After careful analysis, I grant his motion to dismiss.

**I. Background**

Plaintiff Donna McIntosh filed the Complaint on November

19, 2012. Docket No. 1. She alleged that on November 22, 2011, she suffered a fall at the Luis Muñoz Marín International Airport ("LMM") in San Juan, Puerto Rico. As a result, her left kneecap was shattered, requiring her to undergo surgery and ultimately loose the normal range of motion on that leg. Plaintiff originally brought claims against the Puerto Rico Ports Authority ("Ports"), John Doe and Chartis Aerospace Insurance Services. On August 1, 2013, plaintiff amended the complaint to include AIG Insurance Company Puerto Rico, Inc. ("AIG") as a defendant. Docket No. 18-1.

On January 3, 2014, codefendants Ports and AIG requested leave to file a third party complaint against several parties, including Goicoechea.[1] Docket No. 32. Soon thereafter, plaintiff requested leave to amend the complaint to include Goicoechea and other defendants involved in the design and construction of the ramp where the fall occurred. Docket No. 38. On February 25, 2014, plaintiff filed the Second Amended Complaint. Docket No. 55.

---

1. Plaintiff believes that Ports made the decision to file the Third Party Complaint while in the process of answering an Interrogatory and Request for Production of Documents that plaintiff had submitted. Docket No. 162 at page 3.

On May 20, 2014, Goicoechea moved to dismiss the Second Amended Complaint. Docket No. 95. In an order entered on May 21, 2014, the court denied the motion without prejudice and instructed Goicoechea to resubmit a motion discussing why plaintiff knew or reasonably should have known of Goicoechea's involvement in the alleged liability earlier than one year before the filing of the Second Amended Complaint, that is, before February 26, 2013. Docket No. 96. In the court's own words: "If Plaintiff knew or reasonably should have known of their [the third party defendant's] involvement, the claim may be time-barred. If they did not, the claim may be timely." *Id*. Accordingly, Goicoechea once again moved for dismissal. Docket No. 139. Plaintiff opposed the motion, Docket no. 162, and Goicoechea replied. Docket No. 172. Plaintiff filed a surreply. Docket No. 174.

**II. Analysis**

Under the Federal Rules of Civil Procedure, amendments to a pleading relate back to the date of the original pleading as long as the conditions established by Rule 15(c) are met. If the rule's requirements are satisfied, "the Rule mandates

| MCINTOSH v. PORTS AUTHORITY | Page 4 |
|---|---|

relation...it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere* S. p. A., 560 U.S. 538, 553 (2010). Though plaintiff avers that the Court should instead apply Puerto Rico's relation-back doctrine,[2] the First Circuit has instructed that, in diversity cases, Rule 15(c) applies "notwithstanding the incidence of a more restrictive state rule..."*Morel v. Daimler Chrysler AG*, 565 F.3d 20, 25 (2009).[3] In fact, the Court had already urged the parties to focus their discussion on Rule 15(c) since "this case is governed by the relation back doctrine."[4] Guided by *Morel* and in the absence of any argument from plaintiff on the restrictiveness of the local rules vis-a-vis the federal relation-back rules, I will follow the guidelines of Rule 15(c).

Pursuant to Rule 15(c), when the amendment to a pleading

---

2. Plaintiff points to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), which establishes that in diversity actions, the Federal Court must apply the laws of the place where it sits.

3. *Morel* solidified the principle that "less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not." *Morel*, 565 F.3d at 26.

4. *See* Docket No. 151.

| MCINTOSH v. PORTS AUTHORITY | Page 5 |
|---|---|

names a new defendant that would otherwise be outside the statute of limitations, the amendment must, first, "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading..." Fed.R.Civ.P. 15(B). Second, the party to be brought in by the amendment must receive notice of the action, within the period provided by Rule 4(m),[5] so as to not be prejudiced in asserting its defenses on the merits. And third, that party must have known, or should have known, that it would be joined in the suit, "but for a mistake concerning the proper party's identity."

The amended complaint certainly fulfills the first condition, that is, that the amendment asserts a claim that arose out of the same occurrence described in the original complaint.

The key issue here, then, is whether the prospective defendant, within the period provided by Fed. R. Civ. P. 4(m), received notice of the action, and whether he understood or should have understood that he would be sued for the events that gave rise to the complaint. The notice required by Rule

---

5.  Rule 4(m) sets a 90 day time-frame to serve the complaint for any case commenced on or after December 1, 2015. For actions filed before that date, the time for service of summons is 120 days.

15(c)(1(c) must be made within the time period set forth on Rule 4(m). "At a minimum, though, notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action. " *Morel*, 565 F.3d at 26 (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001)).

Goicoechea argues that the Rule 15(c) requirements are not met and thus, the second amended complaint does not relate back to the original pleading. According to Goicoechea, the plaintiff knew that she may have a claim against him even before filing the complaint, as indicated in her deposition testimony.[6] However, she did not bring him as a party until after the statute of limitations had passed. Docket No. 139 at page 3.

Goicoechea mistakenly assumes that the operative point of view for Rule 15(c) purposes is the plaintiff's, when it is actually that of the party brought in by the amendment. *See Krupski*, 560 U.S. at 548 ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint). From that

---

6.  In her deposition, plaintiff averred that she decided to sue because "the design [of the ramp] was so poor." Docket No. 139-1.

perspective, the Court turns to the second prong of the Rule 15(c) inquiry.

The "notice" requirement contained in Rule 15(c)(1)(C)(I) has been narrowly construed by the Supreme Court. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1498.1 (3d ed. 2016) (explaining that the Supreme Court's "strict interpretation" of Rule 15(c) in *Schiavone v. Fortune*, 477 U.S. 21 (1986), suggests that it would adopt a narrow interpretation of 15(c)(1)(C)(I) as well.) "The fact that one claimant has sued defendant for injuries arising out of a particular event would not suffice to establish for Rule 15(c) purposes that defendant had notice of the possibility of an action by a second claimant." *Id*. Adopting such a view, this Court is hard pressed to find that Goicoechea had "notice" of the action within the Rule 4(m) period. Even assuming "the truth of all well-plead[ed] facts" and giving plaintiff "the benefit of all reasonable inferences therefrom," as required in a Rule 12(b)(6) analysis,[7] there is no indication here that Goicoechea received timely notice so as to not "be prejudiced in defending on the merits."Fed.R.Civ.P.

---

7. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir.2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)).

15(c)(1)(C)(I).

The third condition, which asks "whether party A knew or should have known that, absent some mistake, the action would have been brought against him," *Krupski*, 560 U.S. at 549, is also fatal to plaintiff's attempts to relate-back. Goicoechea was brought to the action on February 25, 2014, more than 14 months after plaintiff filed the original complaint. Specifically, the complaint attributes responsibility to defendants Ports and John Doe because they allowed a dangerous condition to exist.[8] The complaint also charges that defendants Ports and John Doe are liable because they failed to foresee that a visitor to the airport would fall and suffer injuries.

Plaintiff avers that the allegations of the Complaint are "sufficiently broad to include the architect as a defendant and that the architect....could have expected that he would be

---

8. The complaint alleges that, as plaintiff walked through the LMM airport, "the flat tile floor began to slant down on an incline. The change in the grade of the floor was not noticeable and her [the plaintiff's] right foot hit the incline at an angle that caused her right heel to slide forward." Docket No. 1 at ¶19. The complaint also claims that Ports and John Doe are liable "because they failed to foresee that a visitor to the airport would fall and suffer injuries while walking towards the Jet Blue baggage area and exit area." Docket No. 1 at ¶20.

brought in as a defendant in this case..." Docket No. 162. But the Court fails to see how these allegations suggest that Goicoechea was an intended party where the complaint did not mention Goicoechea specifically or, at the very least, the existence of any "design defect" on the area where plaintiff fell. More importantly, there is no indication that plaintiff's failure to name Goicoechea as a defendant in her original complaint was due to a mistake concerning the proper party's identity.

Plaintiff's other argument, that she first became aware that Goicoechea was the architect who designed the area when Ports filed its Third Party Complaint has no bearing in our analysis. As previously remarked, Rule 15(c) looks to the perspective of the newly designated defendant, not the plaintiff's, to determine whether relation-back is possible.

Applying the requirements of Rule15(c), the Court finds that, given the allegations in the Complaint, Goicoechea did not have notice of the action and could not have been under the impression that he was an intended party.[9]

---

9. Goicoechea presents an alternative argument to defeat relation-back to the original complaint, but the Courts finds it unnecessary to address it insofar as the Rule 15(c) factors are not met.

### III. Conclusion

For the reasons set forth, Goicoechea's request to dismiss the second amended complaint is granted. The dismissal, however, will be without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd of August, 2016.

       S/ SILVIA CARREÑO-COLL
       UNITED STATES MAGISTRATE JUDGE